IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ADAM A. FLORES, PRO SE, | § | |
| TDCJ-CID #853285, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0194 |
| | § | |
| OFFICER KIETH and | § | |
| OFFICER CORILLO SALVIS, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff ADAM A. FLORES, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and requesting leave to proceed *in forma pauperis*.

On April 26, 1996, the Prison Litigation Reform Act of 1995 (PLRA) was signed into law, modifying the requirements for proceeding in forma pauperis in federal courts. Under the PLRA's "three strikes" provision, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in 18 U.S.C. § 1915(g).

A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff FLORES has sustained more than three dismissals which fulfill the "three strikes" provision of the PLRA.  Cause no. 5:06-CV-0159 was dismissed by the United States District Court for the Northern District of Texas, Lubbock Division, on September 15, 2006, as frivolous and for failure to state a claim on which relief can be granted, and no appeal was taken; cause no. 5:06-CV-0183 was dismissed by the United States District Court for the Northern District of Texas, Lubbock Division, on September 15, 2006, as frivolous and for failure to state a claim on which relief can be granted, and no appeal was taken; cause no. 5:06-CV-0255 was dismissed by the United States District Court for the Northern District of Texas, Lubbock Division, on November 17, 2006, as frivolous and for failure to state a claim on which relief can be granted, and the appeal was dismissed on March 2, 2007.  Moreover, cause no. 5:06-CV-0287 was dismissed on January 18, 2007, by the United States District Court for the Northern District of Texas, Lubbock Division, as frivolous and for failure to state a claim on which relief can be granted and no appeal was taken.  Plaintiff also has three other cases listed as "strikes" in the records of the Texas federal court system.

Pursuant to Title 28, United States Code, 1915(g), the Magistrate Judge FINDS plaintiff ADAM A. FLORES may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g).  Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception.

Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the

Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

    IT IS SO RECOMMENDED.

    Permission to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

    Plaintiff is advised that if he pays the $350.00 filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn.

    IT IS SO ORDERED.

INSTRUCTIONS FOR SERVICE

    The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

    ENTERED this <u>28th</u> day of March 2007.

    _____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this**

**recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).